# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | **COMPLAINT** |
|     v. | ) | |
| | ) | |
| NEBRASKA BEEF, Ltd., | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

Plaintiff United States of America ("United States") brings this civil action against Defendant Nebraska Beef, Ltd., to enforce a Settlement Agreement entered into by Defendant and the United States Department of Justice, Civil Rights Division, Office of Special Counsel for Immigration-Related Unfair Employment Practices.

The United States alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 8 U.S.C. § 1324b, 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1345, and 28 U.S.C. § 1355.

2. Defendant's business address is 4501 South 36th Street, Omaha, Nebraska, 68107, which is located within the jurisdiction of this Court.

## FACTS

3. On August 2, 2012, the United States opened an investigation into whether Defendant was discriminating against work-authorized immigrants, in violation of 8 U.S.C. § 1324b. After completing its investigation, the United States found reasonable cause to believe that Defendant violated 8 U.S.C. § 1324b(a)(6) by routinely requiring non-U.S. citizens, but not similarly-situated U.S. citizens, to present specific documents to prove their work

authorization.

4. On August 24, 2015, Defendant entered into a Settlement Agreement with the United States to resolve the investigation. *See* Exhibit A, Settlement Agreement.

5. Defendant's obligations under the Settlement Agreement include, but are not limited to: (a) paying a $200,000.00 civil penalty to the United States Treasury within ten (10) business days of the effective date of the Settlement Agreement; (b) issuing notice of the Settlement Agreement to potential victims of discrimination; (c) paying valid backpay claims to persons who lost wages due to the alleged violations; (d) changing company policies and practices to prevent future discrimination; (e) training pertinent employees about their obligations under 8 U.S.C. § 1324b; and (f) providing information about the company's hiring practices to the United States for compliance monitoring purposes. *See* Settlement Agreement ¶¶1-14.

6. In consideration of these promises, the United States released Defendant from claims and causes of action pertaining to the United States' investigation through the date of the Settlement Agreement. *See* Settlement Agreement ¶17.

7. On August 27, 2015, Defendant informed the United States that it would not comply with any of its monetary obligations under the Settlement Agreement, including the Settlement Agreement's civil penalty provision. The company disavowed these obligations because it feels that the Department of Justice breached the Settlement Agreement by phrasing a press release differently from language in the Settlement Agreement's preface. Defendant did not, and cannot, cite to any provision of the Agreement or legal authority to support this position.

8. On August 28, 2015, the United States informed Defendant in writing that the failure to

timely pay civil penalties would constitute a breach and encouraged Defendant to comply with its obligations under the Settlement Agreement.

9.  Defendant nevertheless refused and failed to pay the $200,000.00 civil penalty as it was required to do within ten (10) business days of the effective date of the Settlement Agreement, by September 8, 2015.

10. On September 17, 2015, the United States informed Defendant in writing that Defendant was in breach of the Settlement Agreement because Defendant had failed to make the required payment by September 8, 2015.  The United States also inquired about Defendant's intention to comply with the Settlement Agreement's non-monetary provisions.

11. Defendant advised the United States in writing on September 21, 2015, that it will not comply with any provisions of the Settlement Agreement, except those that may incorporate Defendant's independent obligations to comply with the law.  Put differently, Defendant has stated that it has no intention to comply with any of the obligations set forth in Paragraph 5, *supra*.

## **COUNT I:**

## **BREACH OF CONTRACT**

12. The United States re-alleges and incorporates by reference the allegations set forth above.

13. The United States and Defendant entered into a valid contract to secure relief available under 8 U.S.C. § 1324b when both parties agreed to and signed the Settlement Agreement on August 24, 2015.

14. The Settlement Agreement required Defendant, among other things, to make full payment to the United States Treasury of a civil penalty in the amount of $200,000.00 within ten (10) business days of the effective date of the Settlement Agreement.

15. Defendant breached the Settlement Agreement by failing to pay the $200,000.00 civil penalty by September 8, 2015, ten (10) business days after the effective date of the Settlement Agreement.

16. Defendant has informed Plaintiff that it does not intend to make any payments under the Settlement Agreement, including backpay that may be due to individual claimants, or to comply with any of its other terms beyond those which may incorporate or reflect obligations otherwise required by law.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court:

17. Order Defendant to specifically perform all of its obligations required by the Settlement Agreement;

18. Order such other appropriate relief as the interests of justice may require; and

19. Award the United States its costs in this action.

Dated: October 13, 2015

Respectfully Submitted,

For the UNITED STATES OF AMERICA,

VANITA GUPTA
Principal Assistant Attorney General
for Civil Rights

JUSTIN LEVITT
Deputy Assistant Attorney General
for Civil Rights

ALBERTO RUISANCHEZ
Deputy Special Counsel

JODI DANIS
Special Litigation Counsel


BY:     s/ Katherine E. Lamm
        Katherine E. Lamm
        New York Bar No: 4912507
        Silvia Dominguez-Reese
        New York Bar No: 4084083
        Attorneys for Plaintiff
        U.S. Department of Justice
        Civil Rights Division
        Office of Special Counsel for Immigration-Related
        Unfair Employment Practices
        950 Pennsylvania Avenue, N.W.
        Washington, D.C.  20530
        Phone: 202-616-2810
        Fax: 202-616-5509
        Email: Katherine.Lamm@usdoj.gov
               Silvia.Dominguez-Reese@usdoj.gov